**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT and PATRICIA GORDON, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | No. CV-09-1828-PHX-MHM<br><br>**ORDER** |

Currently before this Court is Plaintiffs Robert and Patricia Gordon's Motion to Remand. (Dkt. #8). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

I.　　FACTUAL BACKGROUND

Plaintiffs filed this action in Maricopa County Superior Court on July 31 2009, alleging state law claims for breach of contract and breach of implied covenant of good faith and fair dealing, and seeking punitive damages. (Dkt. #1, exhb. #1). On September 1, 2009, Defendants removed this case to federal court on the grounds that the amount in controversy exceeded the jurisdictional minimum of $75,000.00. (Dkt. #1). Defendants answered Plaintiffs' complaint on September 9, 2009. (Dkt. #6). On September 30, 2009, Plaintiffs filed the instant Motion for Remand. (Dkt. #8).

/ / /

II.  PLAINTIFFS' MOTION FOR REMAND

　　A.  <u>Legal Standard</u>

The removal statute must be strictly construed against removal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Id.</u> In cases, such as this one, where the plaintiff's complaint does not specify the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." <u>Id.</u> (citations omitted). The defendant's burden cannot be met by mere conclusory allegations that the amount in controversy exceeds $75,000.00. See <u>Gaus</u>, 980 F.2d at 567 (finding removal was improper where defendant "simply allege[d] that 'the matter in current controversy ... exceeds the sum of $50,000.'"). Instead, the removing defendant must cite to facts showing the jurisdictional minimum has more likely than not been satisfied. <u>Ansley v. Metropolitan Life Ins. Co.</u>, 215 F.R.D. 575, 577 (D. Ariz. 2003) (citing <u>Singer v. State Farm Mutual Automobile Ins. Co.</u>, 116 F.3d 373, 376-77 (9th Cir. 1997)). In considering a motion for remand, the Court considers "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation omitted).

　　B.  <u>Discussion</u>

The Parties do not dispute diversity of citizenship. Instead, their jurisdictional disagreement is focused solely on whether Plaintiffs' action satisfies the $75,000.00 amount-in-controversy requirement. 28 U.S.C. § 1332. In their Complaint, Plaintiffs do not specify

an amount of damages.[1] Still, as pointed out by Defendants in their Notice of Removal, this Court may surmise that the amount in controversy is at least $50,000.00, as the Maricopa County Superior Court local rules require litigants to arbitrate all disputes valued under $50,000.00. See Ansley, 215 F.R.D at 578 (finding that plaintiff conceded her case was worth at least $50,000.00 by filing a certificate in Arizona state court indicating her case was not subject to compulsory arbitration). Based on the relief sought by Plaintiffs, Defendants ask this Court to conclude that the amount in controversy more likely than not exceeds $75,000.00. Specifically, in their Notice of Removal Defendants state:

> With plaintiffs having already clearly admitted that the amount in controversy is greater than $50,000, a very "conservative" estimate of the amount in controversy based on these extremely broad claims – especially plaintiffs' assertion of a punitive damages claim – exceeds the jurisdictional threshold to establish diversity jurisdiction.

(Dkt. #1, pp.3–4).

Defendants' argument, however, is not supported by citation to specific facts or summary judgment type evidence. Defendants did not attach any exhibits, declarations, affidavits, or other summary-judgment type evidence to their Notice of Removal or their Response to Plaintiff's Motion to Remand. Besides Plaintiffs' failure to submit to compulsory arbitration, the only other fact cited by Defendants in the Notice of Removal is their assertion that Plaintiffs' Complaint stated that Defendant Allstate had only paid for one-fifth of the $72,659.16 in water damage to Plaintiffs' home. From this Defendants conclude that Plaintiffs lawsuit seeks additional "compensation for all property damage," which this Court calculates would be approximately $58,127.33 in damages (the remaining four-fifths of the cost of the water damages). Were Plaintiffs requesting $58,127.53 in property damages in addition to the other damages they seek, Defendants removal argument might be

---

[1] This practice is commonplace in Arizona, and often a source of consternation to Defendants seeking removal, as the Arizona Rules of Civil Procedure bar plaintiffs from stating a "dollar amount or figure for damages" when "pursuing a claim other than for a sum certain or for a sum which can by computation be made certain." ARIZ. R. CIV. P. 8(g); see Valdez, 372 F.3d at 1117 (noting the difficulty for removing defendants caused by Arizona's rule barring plaintiffs from a damages figure).

persuasive. Defendants, however, appear to have misrepresented Plaintiffs' Complaint in their Notice of Removal. A closer reading of the Complaint shows that Plaintiffs are not seeking property damages, as Defendant Allstate paid Plaintiffs the full $72,659.16 prior to the commencement of this lawsuit. Accordingly, Defendants' Notice of Removal rests solely on an unsubstantiated assertion that the relief sought by Plaintiffs is likely to exceed $75,000.00.

In their response to Plaintiffs' motion, Defendants seek to enhance their argument, not by citation to additional factual evidence, but by citation to case law, little of which they cited in their Notice of Removal. First, Defendants argue that removal is proper because Plaintiffs have nowhere stated that their damages are less than $75,000.00. In support of this proposition, Defendants cite two district of Arizona cases, Ansley and Del Real v. Healthsouth Corporation, 171 F. Supp. 2d 1041 (D. Ariz. 2001). In both of these cases, the court found persuasive that the plaintiff had refused specific offers by the defendant to stipulate or agree that it sought no more than $75,000 in damages. Ansley, 215 F.R.D at 578; Del Real, 171 F. Supp. 2d at 1043. The law in this Circuit, however, is far from settled concerning the impact of a refusal to stipulate to the amount in controversy. See, e.g., Conrad Assocs. v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1199 (N.D. Cal.1998) ("Defendant's assertion that it is 'conclusively established' that the amount in controversy in this case exceeds $75,000 by plaintiff's refusal to stipulate that the case is not worth $75,000 is not convincing."). Additionally, Defendants have neither alleged nor submitted documentation showing that Plaintiffs refused an offer to stipulate or agree that they sought less than $75,000.00. Instead, Defendants argue only that Plaintiffs have not affirmatively stated that their damages are less than $75,000.00. Plaintiffs, however, are under no such obligation to announce, on their own accord, the amount in controversy. Additionally, not stating an amount in controversy is different from a refusing to stipulate to such an amount, and clearly distinguishes this case from those cited by Defendants.

Next, Defendants repeat the assertion from their Notice of Removal that the relief sought by Plaintiffs compels finding that the amount in controversy is more likely than not

$75,000. Specifically, Defendants point out that in their complaint Plaintiffs have demanded:

> the recovery of their public adjuster fees, appraiser fees, umpire fees, and other appraisal costs. Plaintiffs have also demanded the amount they incurred to retain emergency contractors, unpaid additional living expenses, and interest. (*Id.*) Plaintiffs have also demanded "indefinite future" damages. Those damages apparently include alleged increased living expenses, loss of property value, loss of income, and other economic damages.

(Dkt. #9, p.6). Assuming the truth of this claim, the Court once again notes that Defendants have not substantiated it with any evidence. A large insurance company, such as Defendant Allstate, must have some knowledge of the costs associated with many of the damages for which Plaintiffs hope to recover and could have, at a minimum, provided this Court with an affidavit or other evidence estimating those costs. As the Court has already stated, it cannot rely on mere conclusory allegations, such as the one quoted above, in determining whether removal was proper; it must rely on facts in the removal petition and summary-judgment type evidence. Valdez, 372 F.3d at 1117.

Defendants also assert that Plaintiffs' requests for emotional damages and punitive damages each, on their own, merit a conclusion that the removal was proper. As for punitive damages, in determining whether removal was proper, this Court may consider a potential award of punitive damages. Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000). Defendants, however, cannot meet their burden, "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money." Conrad, 994 F. Supp. at 1201. Accordingly, while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case. Id. As the district court explained in in Haisch v. Allstate Insurance Co.:

> It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies . . . . As Plaintiff points out, Defendant has failed to articulate why the particular facts that are alleged in the instant case might warrant extraordinary damages.

942 F. Supp. 1245, 1248 (D. Ariz. 1996).

In raising the issue of punitive damages, Defendants argue solely by citing to two bad-

- 5 -

faith insurance cases in which juries have made punitive damage awards greater than $75,000.00. Defendants, however, do not explain how the facts in those case compare to those alleged in Plaintiffs' complaint. In other words, Defendants have not articulated how the cases to which it cites warrant an inference that an award of punitive damages in this case is likely to push the amount in controversy beyond the jurisdictional minimum. Accordingly, while this Court can conceive of a scenario in which the jury returns a sizable punitive damages award, it cannot find that Defendants have proven that such an award is more likely than not.

Likewise, in arguing that Plaintiffs' request for emotional loss damages supports removal, Defendants merely cite to two cases in which sizeable emotional damages awards have been returned against insurers. Notably, in support of their argument, Defendants state that "[b]ased on past bad faith actions seeking to recover damages against an insurer, a jury *could award* significant damages." (Dkt. #9, p.6) (emphasis added). The question, however, is not whether a jury *could* award significant damages, but whether a preponderance of the evidence supports finding that such an award is more likely than not. Defendants, by their own admission—because they only stated that the jury *could* award significant damages—have not made such a showing. Instead, they have merely pointed to two cases in which juries returned verdicts for emotional loss greater than $75,000.00, but without explaining how those cases relate factually to the instant one such that they are probative of the amount in controversy in this case.

Finally, Defendants argue that if this case goes to trial and Plaintiffs prevail, attorney's fees alone are likely to exceed the jurisdictional minimum. When considering the propriety of removal, courts may consider a potential award of attorney's fees. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698 (9th Cir. 2007) (upholding district court's denial of removal where district court considered potential award of attorney's fees in reaching its decision). Consideration of attorney's fees is proper in this case as Plaintiffs' suit is based in contract and, under Arizona law, suits for bad faith breach of an insurance policy are deemed to arise under contract and, therefore, are eligible for attorney's fees

pursuant to A.R.S. 12-341.01(a). Sparks v. Republican Nat'l Life Ins. Co., 132 Ariz. 529, 544 (1982).

Once again, based solely on the relief sought by Plaintiffs, Defendants summarily conclude that any fee award is likely to exceed $75,000.00. Specifically, Defendants contend that the discovery, motion practice, hearing attendance, trial, expenses associated with travel, expert fees, transcripts, and copying of documents that this case will entail will result in an award of attorney's fees exceeding the jurisdictional minimum. Such expenses, however, are *sui generis* to almost any litigation. Were such an accusation enough to establish that the amount in controversy requirement has been met, any diversity case could be removed from state court merely by reference to a possible award of attorney's fees. Defendants attempt to distinguish this case from other cases by asserting that attorney's fees are especially large in cases where bad faith and punitive damages are alleged, but has not supported this claim with any facts, evidence, or citations to similar cases. Defendants also note that contingent fees are common in bad-faith insurance cases and are usually valued at one-third of damages, concluding that Plaintiffs will seek at least $16,650 in fees (based on a $50,000.00 award). Defendants, however, only guess that Plaintiffs' counsel is in fact on a contingent fee agreement, making their arguments concerning a possible contingent fee speculative. In short, Defendant's arguments concerning attorney's fees are completely speculative and predicated solely on their unsubstantiated belief that cases of this type yield particularly high fee awards.

In sum, while Defendants have done more than merely assert the amount in controversy is greater than $75,000.00, their accusations fall short of establishing by a preponderance of the evidence that removal is proper. Defendants did not submit a single piece of evidence in support of their Notice of Removal and one of the facts on which they primarily rely—that Plaintiffs seek to recover property damage—is untrue. In light of this Court's duty to strictly construct the removal statute and Defendants' failure to support its allegations with sufficient evidence, this Court cannot conclude that Defendants have proven by a preponderance of the evidence that the amount in controversy is more likely than not

1 | $75,000.00.  Plaintiffs' motion for remand is granted.

III. PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

In their Motion for Remand, Plaintiffs allege that Defendants' removal was made in bad faith and, as a result, this Court should award Plaintiffs attorney's fees. 28 U.S.C. § 1447(c). ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court finds that Defendants have not acted in bad faith and that it had a reasonable, albeit unsuccessful, basis for attempting to remove this case. Accordingly, in its discretion, the Court will not grant Plaintiffs' request for attorney's fees and costs. See Martin v. State Farm, 3 F.3d 925, 929 (5th Cir. 1993) (finding district court erred in awarding attorney's fees where defendant's removal was not unreasonable); Ratliff v. Merck & Co., Inc., 359 F. Supp. 2d. 571 (E.D. Ky. 2005) (finding an award of fees and costs inappropriate since defendant "raised competent, though ultimately unavailing arguments that Plaintiffs' complaint sought damages in excess of $75,000").

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiffs' Motion for Remand (Dkt. #8).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to remand this case back to Maricopa County Superior Court for the State of Arizona.

DATED this 10th day of May, 2010.

_____
Mary H. Murguia
United States District Judge